Eric H. Gibbs (SBN 178658)
ehg@classlawgroup.com
David Stein (SBN 257465)
ds@classlawgroup.com
Steven Lopez (SBN 300540)
sal@classlawgroup.com
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, California 94612
Telephone:  (510) 350-9700
Facsimile:   (510) 350-9701

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW VILLANUEVA, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>        v.<br><br>AMERICAN HONDA MOTOR COMPANY, INC. and HONDA MOTOR CO., LTD.,<br><br>                Defendants. | Case No. 2:19-cv-1390<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Matthew Villanueva, on behalf of himself and all others similarly situated, alleges the following against Defendants American Honda Motor Company, Inc., and Honda Motor Co., Ltd, (collectively, "Honda"):

## SUMMARY OF THE CASE

1.      In the era of increasingly computerized and automized vehicles, a number of automotive manufacturers now equip their vehicles with computerized driver-assisting safety systems. These systems perform a variety of functions, including adaptive cruise control (which operates automatically to maintain a set distance from a vehicle ahead), lane departure warnings and steering inputs, and autonomous braking. The autonomous braking works to avoid front-end collisions by detecting vehicle speed and the speed of other vehicles and objects on the roads— and can automatically deploy the brakes to avoid a front-end collision.

2.      Honda provides these types of systems through a proprietary driver support suite it calls "Honda Sensing." Honda Sensing relies on a radar sensor (near the lower front bumper), an interior camera (near the rearview mirror), along with computers and other technology.  The autonomous braking system within Honda Sensing is called Collision Mitigation Braking System (or CMBS). Computerized driver-assisting safety systems generally, and autonomous braking systems like CMBS in particular, must undergo careful testing and inspection to ensure they work properly. Otherwise, the systems put lives at risk.

3.      Honda, as one of the first manufacturers to institute an autonomous braking system, has had a number of problems with false alarms—which is where the system brakes abruptly even though there is nothing around that risked a collision. Back in 2015, for instance, Honda issued a safety recall for various 2014-2015 model year vehicles that were having false alarms. Honda issued the recall because these false alarms "could increase the risk of a crash."  Other manufacturers have likewise issued safety recalls when their vehicles' automated braking systems deployed because of false alarms.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. 2:19-CV-1390

4.      Despite its longstanding familiarity with the failures of the Honda Sensing system and the importance of functional driver-assisting safety systems, Honda continues selling and leasing vehicles equipped with Honda Sensing. Drivers have thus reported in droves that their vehicles' Honda Sensing warning lights display without explanation, brakes deploy seemingly randomly and parts of the system like adaptive cruise control malfunction. As a result, drivers are brought to abrupt halts in traffics, trailing vehicles have to slam on the brakes or swerve dangerously out of their lanes, to avoid a crash. According to public records, at least one freeway collision has already occurred, and more are likely absent a quickly-implemented solution.

5.      Honda remains silent, however, and when asked by drivers and technicians trying to deal with the problem offers no solution, telling drivers and technicians that no repairs are available.

6.      Honda's conduct has needlessly endangered drivers, unjustly enriched Honda at consumers' expense, and violated consumer protection and warranty laws. On behalf of the classes he proposes to represent, Plaintiff seek awards of damages as well as injunctive and other equitable relief.

## PARTIES

7.      Plaintiff Matthew Villanueva is a citizen and resident of Visalia, California, located in Tulare County.

8.      Defendant American Honda Motor Company, Inc., is a California corporation with its headquarters and principal place of business in Torrance, California.

9.      Defendant Honda Motor Co., Ltd., is a Japanese corporation and the parent company of American Honda Motor Company, Inc. The two defendants are referred to collectively in this complaint as "Honda."

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURISDICTION AND VENUE

10.    This Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  There are at least 100 members in the proposed class, the aggregated claims of the individual class members exceed the sum or value of $5,000,000, exclusive of interest and costs, and this is a class action in which Honda and more than two-thirds of the proposed plaintiff classes are citizens of different states.

11.    This Court may exercise jurisdiction over Honda because it has located its American headquarters in California; it is registered to conduct business in California; it has sufficient minimum contacts in California; and it intentionally avails itself of the markets within California through the promotion, sale, marketing, and distribution of its vehicles, thus rendering the exercise of jurisdiction by this Court proper and necessary.

12.    Venue is proper in this District under 28 U.S.C. § 1391 because American Honda Motor Company, Inc., is headquartered in this district, Defendant Honda Motor Co., Ltd., is a foreign entity, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## SUBSTANTIVE ALLEGATIONS

### Class Vehicles' Honda Sensing systems

13.    Honda manufactures, markets, and distributes mass-produced automobiles in the United States under the Honda brand name.  The Honda automobile models that are the subject of this case are the 2016-2019 Accords and all other Honda vehicles manufactured and sold with the same defective Honda Sensing system (collectively, the "Class Vehicles").

14.    All Class Vehicles come equipped with Honda Sensing, which Honda calls "a driver support system which employs the use of two distinctly different kinds of sensors, a radar sensor located at the lower part of the front bumper and a front sensor camera mounted to the interior side of the windshield, behind the rear view

mirror."[1] The "Honda Sensing" suite and CMBS are major aspects of Honda's marketing of Class Vehicles and help increase the market price of the vehicles.

15.     Honda Sensing comes with the following functions:

- Adaptive Cruise Control (ACC) with Low Speed Follow (LSF): Helps maintain a constant vehicle speed and a set following interval behind a vehicle detected ahead of yours and, if the detected vehicle comes to a stop, can decelerate and stop your vehicle.

- Lane Keeping Assist System (LKAS): Provides steering input to help keep the vehicle in the middle of a detected lane and provides tactile and visual alerts if the vehicle is detected drifting out of its lane.

- Traffic Sign Recognition System: Reminds you of road sign information, such as the current speed limit and that overtaking is prohibited.

- Road Departure Mitigation (RDM) System: Alerts and helps to assist you when the system detects a possibility of your vehicle unintentionally crossing over detected lane markings and/or leaving the roadway altogether.

- Collision Mitigation Braking System (CMBS): Can assist you when there is a possibility of your vehicle colliding with a vehicle or a pedestrian detected in front of yours.[2]

16.     CMBS is supposed to provide alerts to drivers when a potential collision is detected and, when a collision is deemed unavoidable, the CMBS is supposed to automatically reduce vehicle speed by applying the brakes. According to Honda, the CMBS activates when: "The speed difference between your vehicle and a vehicle or pedestrian detected in front of you is about 3 mph (5 km/h) and over with a chance of a collision. [or] Your vehicle speed is about 62 mph (100 km/h) or less and there is a chance of a collision with an oncoming detected vehicle or a pedestrian in front of you."[3] The CMBS is capable of providing light brake application or strong brake application.

---

[1]https://owners.honda.com/utility/download?path=/static/pdfs/2018/Accord%20Sedan/2018_ACCORD_4D_CMBS.pdf

[2] *Id.*

[3]https://owners.honda.com/utility/download?path=/static/pdfs/2018/Accord%20Sedan/2018_ACCORD_FHEV_CMBS.pdf

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. 2:19-CV-1390

17.    Honda first recognized the potential market demand for computerized driver-assisting safety systems decades ago. Honda introduced its CMBS in the Japanese market in June 2003, positing that the CMBS could help prevent rear-end collisions. The figure below shows the basic system configuration of the early CMBS—with radar to detect and measure the speed of objects in front of the vehicle; additional sensors to assist in measuring speed; a warning indicator on the dashboard; and an electronic control unit (or "ECU") that controls the autonomous braking system:



18.    The Honda Sensing system in Class Vehicles employs a millimeter wave radar unit (on the front of the vehicle near the bumper) as well as a camera (located near the rearview mirror). For CMBS purposes, the radar and camera scan approximately 100 meters ahead of Class Vehicles searching for potential obstacles that could cause a collision. If an obstacle is detected, the CMBS will alert the driver and potentially apply light or strong brakes automatically.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. 2:19-CV-1390



Radar
Sensor

The radar sensor is at the lower part of the front bumper.

19.     Honda and the rest of the automotive industry have known for years that driver-assisting safety systems, including automatic braking systems, must be calibrated appropriately and vetted with testing and inspection before sale, to ensure that they are functioning properly and to ensure there are no false alarms (where the autonomous braking system activates even though there is no impending risk of a collision).

20.     The National Transportation Safety Board, for example, released a special investigation report in 2015 analyzing the use of autonomous braking systems. As the report stated, autonomous braking systems are to activate "only in critical situations."[4] The report also found that such collision avoidance systems "depend[] heavily on the accuracy and timeliness of detection, which relies on the quality of the installed sensor, camera, or vision algorithm detecting targets."

---

[4] https://www.ntsb.gov/safety/safety-studies/Documents/SIR1501.pdf.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. 2:19-CV-1390

21.    Among the potential problems identified in the report was the possibility of false alarms, with "false alarm" defined as "the detection of a conflict when none is present." The report noted that among the limitations of a radar-based system is the reality that there will be "[i]ncreased interference from other sources resulting in more frequent misidentifications (e.g., identifying a bridge as a conflict vehicle)."

22.    As Honda has long known, Class Vehicles' suite of driver-assisting safety systems, including the autonomous braking system, are dangerously defective. Drivers report that they frequently see an error message on their dashboard stating there is a problem with the CMBS. With this error, the CMBS (and other features including adaptive cruise control) may be deactivated. Worse, the CMBS frequently causes Class Vehicles to brake without warning, even when driving at high speeds and with no plausible risk of collision ahead. This can be extremely dangerous—among other things, it creates a risk that vehicles trailing behind will either rear-end the Class Vehicle, have to slam on the brakes themselves, or swerve out of their lane to avoid a collision.

23.    As one news report put it, there are "rising concerns that the system will brake for no reason at all"; thus, Honda's "Collision mitigation braking assist … applies brake pressure when an unavoidable collision is determined *or when an 'unavoidable' situation is created out of thin air by the robot mind of your car*."[5]

24.    Below are examples of the numerous complaints lodged with the NHTSA by Honda owners and lessees. According to the complaining drivers, the defect often manifests when the Class Vehicles are still brand new:

> 2017 Honda Accord: ***Collision detection system falsely goes off on a regular basis*** due to opposing traffic. Slams brakes to floor, overriding accelerator - has happened in the middle of an intersection twice and on a two way straightaway with no vehicle in my lane. ***I've had the car for 1 month and almost been in 3 accidents*** due to this faulty system which I am now deactivating. I've driven vehicles with these before (Ford) and it never went off like this- the system is defective and dangerous. (Date Complaint Filed: 7/1/2017, NHTSA ID Number: 11002642)

[5] http://www.hondaproblems.com/honda-sensing/ (emphasis added).

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. 2:19-CV-1390

2017 Honda Accord: I'm not sure but I think it's the regenerative brakes. They came on so hard when I let off the gas. *I was almost rear ended* and the guy behind me was pissed off. I was on the 15 fwy going about 70 when I let off the gas and the brakes slammed on. And on … hwy going about 30 mph let off the gas and the brakes slammed on.
(Date Complaint Filed: 10/9/2017, NHTSA ID Number: 11032615)

2016 Honda Accord: My husband was driving, I was in the passenger seat on a clear day, full visibility, there was a car several car lengths ahead of us turning right. It cleared the way without us needing to brake. We were traveling about 40 mph at around 2pm. *Our vehicle thought there was still a hazard in the road.* We have a sensing package in the vehicle, which *caused our car to come to a full and complete stop*, engaging the seat belts as well. We have full video evidence of the incident from a third party dash cam. *We were almost hit from behind*. We took the vehicle to the dealership thinking there was something wrong with it, it was returned, saying that the car worked as intended. Having been in the vehicle at the time, and I disagree, and *am now extremely afraid to drive my car*….
(Date Complaint Filed: 11/12/2017, NHTSA ID Number: 11045398)

2017 Honda Accord: I was driving on the highway with the cruise control on and *the vehicle apply the brakes without anything [being] in front of it. It's scary because any one could rear end you.* Took it to Honda where the vehicle was purchased and they were talking about realigning the sensor.
(Date Complaint Filed: 11/23/2017, NHTSA ID Number: 11048125)

2018 Honda Accord: Bought vehicle Nov 22,2017. The following week when commuting home from work *a light came on while using driver assist showing collision mitigation system problem*. See your dealer. We took it to the dealer and reported the problem. The shop foreman said to take a photo if this happens again. … The 3rd time on the commute home was *a scary situation when not only the light came back on, the brakes engaged at approx. 55 mph and we thought someone rear ended us in the fast lane on the freeway.* Thankful no one hit us or us hitting them. Took the car back to the dealer over 2 weeks ago and they are trying to replicate it once again. Now *the car is not safe to drive* due to the fact the brakes engaged on the freeway at 55 mph. *We refuse to drive it*. The dealer called us to drive it because they installed a recording device when it happens again. This didn't make sense to us to subject anyone to a possible accident. We understand they are trying to replicate it but *someone could be hurt or killed*. We are in limbo and are very disappointed.
(Date Complaint Filed: 12/29/2017, NHTSA ID Number: 11057488)

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. 2:19-CV-1390

2018 Honda Accord: ***Three times during the first 1500 miles the collision mitigation braking system has failed***, disabling that feature and adaptive cruise control, displaying a large diagnostic on the electronic dashboard and telling me to see my dealer. In all cases I was driving in normal traffic on northern California freeways at cruising speed (twice on 101, once on 80). The first two failures occurred during daytime, the third at night. the weather in all cases was normal (no rain, snow, mud, ...) When I visited the dealer after the first two occurrences (when the car is turned off and then back on the condition clears) the dealer found no diagnostic codes or other problems. then the problem occurred a third time. ***The dealer and Honda corporate say they have no idea how to fix it*** because of the absence of diagnostic codes.
(Date Complaint Filed: 3/21/2018, NHTSA ID Number: 11080670)

2018 Honda Accord: May 13th, 2018 driving on the highway doing 50-55 going eastbound on the Bay Bridge in San Francisco - "out of nowhere" the electric parking brake came on! And I didn't push no buttons! Not quite sure of the malfunctioning, but it cost [sic] ***an accident' [be]cause someone hit me from behind! ... I'm afraid to drive a car that nearly killed us.***
(Date Complaint Filed: 5/19/2018, NHTSA ID Number: 11096885)

2018 Honda Accord: ***At 670 miles***, I was driving slowly around a corner when I heard a long beep followed by a ***"collision mitigation braking system problem. See your dealer" message***. The adaptive cruise control also stopped working. ... Restarting the vehicle clears the error and allows the adaptive cruise control to work again until the next time it occurs. Both times this has happened were on warm, sunny, clear days with dry roads and no obstructions in front of the radar or camera units. ***Yesterday, the CMBS failed to alert me to a four-wheeler that drove across the street in front of me*** and it seems less sensitive at detecting other vehicles now - even when there are no error messages or warning indicators present.
(Date Complaint Filed: 6/7/2018, NHTSA ID Number: 11101711)

2018 Honda Accord: I purchased the car July 3rd, 2018. ***Driving on a trip at around 900 miles*** and had the adaptive cruise control engaged. The car made a beeping sound and the cruise control powered off. ***A message came up stating collision mitigation breaking system needed to be serviced***. The cruise would not come back on. When I arrived at the destination I turned the car off, and upon turning it back on the warning was gone. I drove home with no problem.
(Date Complaint Filed: 7/17/2018, NHTSA ID Number: 11112350)

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. 2:19-CV-1390

2018 Honda Accord: ***I have received the "collision mitigation braking system problem" multiple times***. I have taken it to the dealer and they adjusted the brake and did a software update but I continue to get the same problem.
(Date Complaint Filed: 7/17/2018, NHTSA ID Number: 11111817)

2018 Honda Accord: Wife was driving on interstate in the left hand lane about ***75 mph when a yellow light appeared on the dash and car lost engine power***. Wife is unsure which yellow light came on due it happening so fast. She coasted across three lanes and made it to the shoulder. Car was towed to dealer and they cannot find anything wrong with it. There is 700 miles on the car. ***Dealer said it may have been road debris that caused collision mitigation braking system to take control*** of the car but nothing was recorded in the edr unit. ***Very unsafe.***
(Date Complaint Filed: 8/6/2018, NHTSA ID Number: 11118197)

2018 Honda Accord: 2018 Honda Accord EXL. 1565 miles on odometer. Weather was sunny and 89°f. I was driving vehicle on the interstate at approximately 65 mph with ACC and LKAS activated but being closely monitored as this feature is new to me. As the traffic was slowing down ahead the instrument cluster displayed "collision mitigation braking system problem. See your dealer" error message. I had to quickly apply the brakes to avoid a collision with the car in front of me. In the process of notifying dealership to seek out a solution. ***Very worried about this as a system designed to prevent front collisions almost caused one!***
(Date Complaint Filed: 8/10/2018, NHTSA ID Number: 11118889)

2018 Honda Accord: ***Collision mitigation braking system fails*** during operation of adaptive cruise control. The vehicle will no longer verify if a collision is going to happen, and ***can cause the vehicle to collide with a forward vehicle.***
(Date Complaint Filed: 8/17/2018, NHTSA ID Number: 11120738)

2018 Honda Accord: ***On 3 separate occasions the car has seen a shadow on the ground and slammed on brakes then releasing for no reason***. There were no other vehicles around me on each occasion. I thought the car was stopping on a yellow light on the first incident but was told by the service manager that it doesn't do that. ***This is a very dangerous issue that needs to be addressed.*** I asked the service manager to disable it but was told he can't do that when it is possible because this is an added feature.
(Date Complaint Filed: 8/17/2018, NHTSA ID Number: 11120677)

2018 Honda Accord: The ***car randomly slams on brakes*** caused by the Honda sensing collision mitigation system. ***This is very dangerous.***
(Date Complaint Filed: 8/31/2018, NHTSA ID Number: 11123613)

11
CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. 2:19-CV-1390

2016 Honda Accord: When traveling down a road straight about 45 mph the automatic braking system flashed "brake" on the cluster and then the *car came to a stop when there was nothing in front of me* that I could see. Car has 16000 miles on it and this has never happened before. The car behind me had enough room to stop in time. Took it to the dealer and they could not find anything wrong but a dirty camera code set.
(Date Complaint Filed: 9/2/2018, NHTSA ID Number: 11124024)

2018 Honda Accord: I have gotten the warning on my dash stating "collision mitigation braking system problem. See dealer" several times per week since putting about 1200 miles on the car (Feb 2018). Since seeing this warning *my car will slam on the brakes at random* (during highway and city driving) as if it detected a vehicle in front of me but there was no vehicle present. I have taken the car to the dealer several times and have gotten no solution. I have also called Honda North America and filed a complaint and still have gotten nowhere. *This issue could easily cause an accident and I have spoken with other owners having the same problem and even someone who has been rear-ended because of this*.
(Date Complaint Filed: 9/5/2018, NHTSA ID Number: 11124539)

2018 Honda Accord: On several occasions this car's collision mitigation system has *applied the brakes without any reason and this is a very serious safety issue* for the public at large and needs immediate attention from Honda. …
(Date Complaint Filed: 9/7/2018, NHTSA ID Number: 11128098)

2018 Honda Accord: I was driving down a busy road in my town and no cars were in front of me and I did not lane departure at all and *the car suddenly came to a complete stop almost for no reason* thankfully no cars were behind me. *This also happened again when I was on the freeway* there was no car in front of me and the car behind me was coming up fast luckily they noticed my car braking and got over. …
(Date Complaint Filed: 9/12/2018, NHTSA ID Number: 11144946)

2018 Honda Accord: *Collision mitigation system would activate at random times even when there is nothing in front of the car* and would slam on the brake when the vehicle is moving slowly at around 3 miles per hours in a driveway.
(Date Complaint Filed: 9/12/2018, NHTSA ID Number: 11128838)

2018 Honda Accord: Purchased accord 8/25/2018, 103 miles on car at time of purchase. Driving that same night at around 30mph on residential 2 lane road. Car came to a complete stop on its own. *Collision mitigation system error came on dashboard.* Took to dealer

8/27/2018. Dealer reset the system and told us everything okay. …
9/16/2018 - traveling on 4 lane hwy at 50 mph. *Car activated brakes again and brought the car to a complete stop. This incident almost resulted in a rear end collision. Driver behind was able to swerve and avoid hitting us.* Each incident there was no drivers ahead of me, no animals/items crossing path. Completely random and cannot willing replicate….
(Date Complaint Filed: 9/16/2018, NHTSA ID Number: 11130068)

2018 Honda Accord: While driving at highway speeds with ACC (adaptive cruise control) enabled and LKAS (lane keep assist) enabled and passing a car and another time an 18 wheel truck, *the car suddenly and abruptly braked* to slow down 5 mph. The road was straight and no cars were in front of me. *This was a very dangerous situation* because cars were behind me and they all had to react to slow down.
(Date Complaint Filed: 9/28/2018, NHTSA ID Number: 11132093)

2018 Honda Accord: Monday September 24th, 2018, I was traveling on U.S. highway 19 and a vehicle turned off about a half mile ahead of me while I had the cruise control engaged. The vehicle had completely cleared the road and *my car slammed on brakes causing everything in the vehicle to be thrown into the floorboard. Had there been a car behind me, the car would have rear-ended my vehicle.* There continues to be an issue where the sensor recognizes something in the road that is not there or a vehicle that has already cleared the road and slams on brakes. This creates a *serious safety issue* and is damaging on the brakes. *I do not feel safe driving* with this system engaged because *I do not know when the vehicle will slam on brakes causing other drivers to rear-end me.*
(Date Complaint Filed: 9/29/2018, NHTSA ID Number: 11132232)

2018 Honda Accord: While driving with the cruise control on the *collision mitigation and braking system will intermittently turn off* and disable the cruise control. *Dealer says nothing is wrong*, claim the sensors are overloaded. This can happen on bright sunny days, cloudy days and at night. Sensor on front of car is clean; no bugs, smears or liquids. Will reset with a stop/start of the engine. Code check revealed. Uo401-53 temporary stop of integrated driver support system -- received stop request by pgm-fi system. Error code 401-93 temporary stop of integrated driver support system -- received stop request by pgm-fi system. This happens only when the cruise control is on and moving. *This has happened at least 12 times in the past 8 months, most recent was today.*
(Date Complaint Filed: 10/11/2018, NHTSA ID Number: 11139747)

2018 Honda Accord: Automatic emergency *braking took car from 60 to 0 on highway* (route 65n in Nashville). Luckily no one was behind me (it was 6am) or *I could have been rear-ended.* I could not accelerate or

control the car at this point and came to a complete stop. *This is the second time this has happened in the last month.* This turns a touted safety feature into a hazardous feature. Planning on a dealer visit this Friday. (Date Complaint Filed: 10/23/2018, NHTSA ID Number: 11142127)

2018 Honda Accord: *Driving down the road at 75 miles an hour and the brake system engaged. No cars around.* Had another vehicle (especially tractor trailer) there would have been a serious collision. I do not want this vehicle anymore. Dealer says its not a warranty problem. *Serious safety concerns.* (Date Complaint Filed: 11/4/2018, NHTSA ID Number: 11149665)

2018 Honda Accord: Since purchasing the vehicle in July and especially over the course of the last two months the car has been exhibiting errors with the cpu (Honda sensing) system on board. … As of late I have found myself turning off certain "safety" features out of fear of them malfunctioning after two freak incidents. *Twice when at speeds on the hwy, the emergency mitigating brake has engaged with no traffic around or in front me, basically slamming on the brakes which is extremely dangerous*…. These issues could have proven very dangerous in both situations if vehicles were next to me or behind me and these issues with a brand new car are not making me feel safe to drive the car. … (Date Complaint Filed: 11/7/2018, NHTSA ID Number: 11149869)

2018 Honda Accord: The *collision mitigation braking system has completely failed twice on my month old 2018 Honda Accord*. When this fails, the cruise control is also deactivated. Both times the car was in motion with the adaptive cruise control active. (Date Complaint Filed: 12/26/2018, NHTSA ID Number: 11163531)

2018 Honda Accord: The car has a sensor for braking. On several occasions I have been driving and *the car braking system comes on making the vehicle come to a sudden stop.* During several of these dangerous braking events no vehicles or objects were in front of me. *I have almost been rear ended because of the braking*. I have noticed that even shadow from a tree can trigger the sensor to make the braking system turn on making the car come to a sudden stop. *This is extremely dangerous* and there is no way to turn this feature completely off. When you turn it off it resets once you turn the ignition to start the car again. *This recall needs to happen now before someone gets injured or killed.* (Date Complaint Filed: 12/30/2018, NHTSA ID Number: 11164114)

2018 Honda Accord: Collision mitigation braking system problem, car brakes by its self, *was driving at 75mph and car slammed on brakes to 35 on US 71 almost caused an accident*. … Braking problem happens on cruise

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. 2:19-CV-1390

control and normal driving. I photo the dash 5 times when collision mitigation went off in a 5000 mile period.
(Date Complaint Filed: 1/14/2019, NHTSA ID Number: 11173896)

2018 Honda Accord: The Honda sensing system sometimes *automatically slams on the brakes at highways speed* when there is no vehicle in front of me, *nearly causing collisions* with vehicles traveling behind me.
(Date Complaint Filed: 1/23/2019, NHTSA ID Number: 11171562)

2018 Honda Accord: Vehicle running, both driving and stationary, dash indicated three warnings: "adaptive cruise control system problem", "*collision mitigation braking problem*", "road departure mitigation problem". All three *systems were nonfunctional*. Dealer advised to drive through a car wash before coming in for repair. The car wash appears to have worked, but this is absurd! Every time it rains or car is dirty, the safety features don't work? Didn't see this disclosure when I bought the car or when I paid for these features.
(Date Complaint Filed: 2/4/2019, NHTSA ID Number: 11173899)

2019 Honda Accord: On a number of occasion, both on the highway and driving in town, the adaptive collision control system has signaled "brake" *while abruptly applying the brakes even though there was no obstruction anywhere near* the front or sides of my vehicle, in one case *nearly causing the vehicle behind me to collide with my vehicle*.
(Date Complaint Filed: 02/1/2019, NHTSA ID Number: 11173464)

*See* www.safercar.gov (emphasis added in all).

### Honda's knowledge of the defect

25.     Honda discovered long ago that the Honda Sensing system in Class Vehicles is defective.

26.     Honda along with the rest of the automotive industry has known for years that autonomous braking systems are at risk of object detection problems that lead to false alarms and abrupt braking where no potential collision is imminent. Honda conducted a safety recall in 2015 when several of its models were experiencing these types of false alarms and dangerously braking for no apparent reason. It has thus long been incumbent on Honda and other manufacturers using

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. 2:19-CV-1390

autonomous braking systems to undertake appropriate prerelease testing and inspections to ensure the vehicles are not prone to false alarms.

27. For many decades, Honda has conducted durability and reliability testing of its new vehicles before introducing them to the market. This means that Honda automobiles, including Class Vehicles, are exposed to lengthy and comprehensive physical testing that reveals how the vehicles and their component parts and systems (including the CMBS) will perform over the span of many miles of driving.

28. For example, in prior models equipped with CMBS, Honda employed two types of track tests specifically to evaluate the CMBS in "real world" situations. The testing involved a test driver driving toward targets and then evaluating whether the system reacted as intended. Honda used a combination of functionality and efficacy tests to estimate the effectiveness of the system in real-life situations.[6]

29. Given its employment of prerelease testing—which includes driving the vehicles for many miles—Honda surely discovered the CMBS defect before it sold the first Class Vehicle. As the driver complaints to the NHTSA above show, the Class Vehicles often experience false alarms and dangerous, unnecessary braking within the first 1,000 miles of driving. Given the immediacy with which the defect often manifests, it would be nearly impossible for Honda to put Class Vehicles to market without discovering the defect beforehand through its pre-release testing efforts (the results of which are exclusively within Honda's control).

30. Also, once sales of a vehicle model begin, Honda monitors complaints to the NHTSA in the regular course of its business to evaluate potential defects. As some of the excerpted NHTSA complaints above reflect, Class Vehicle drivers have been complaining vocally—often beginning very shortly after a given model year has first gone on sale.

---

[6]https://preview.thenewsmarket.com/Previews/NCAP/DocumentAssets/188045.pdf.

16

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. 2:19-CV-1390

31.    Honda also receives a number of additional sources of aggregate data
(which are in Honda's exclusive control). These data sources includes warranty
claims information, driver complaints, new vehicle purchaser survey responses, field
reports by Honda-employed engineers who are called out to evaluate problems as
they arise in the field, and other such data.  Honda begins reviewing this data as
soon as its models are introduced and monitors it continuously as part of ongoing
quality control efforts.

32.    Given all of these factors and sources of information, even if Honda had
not discovered the defect before selling the first Class Vehicle, as soon as it began
selling and leasing them Honda surely discovered the defect. By November 2017, for
instance, Honda wrote to its dealers that Honda was "currently looking at an issue
where the … CMBS indicator comes on with Collision Mitigation Braking System
Problem. See Your Dealer. in the driver information interface." Honda did not
publish this message for the benefit of potential purchasers of Class Vehicles and did
not instruct its dealerships to warn prospective buyers about the problem.

**The dangers posed to occupants of Class Vehicles**

33.    Over the past decade, automotive manufacturers and the NHTSA have
recognized that autonomous braking systems prone to false alarms pose
unreasonable safety hazards and should be remedied through a safety recall.

34.    For example, Honda conducted a NHTSA-overseen safety recall in
2015 of several of its models. Honda's stated reason for the recall was: "Under
certain specific driving conditions, the collision mitigation braking system (CMBS)
could lock on an incorrect target. If this occurs, the CMBS may apply the brakes in
an attempt to stop the vehicle. If the vehicle suddenly slows or comes to a stop, it
could increase the risk of a crash."[7] In the recall letter to affected owners, Honda
reiterated, that the "defect" "relates to motor vehicle safety" and that "If the CMBS

---

[7] https://static.nhtsa.gov/odi/rcl/2015/RCRIT-15V301-5183.pdf

17

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. 2:19-CV-1390

applies unexpected emergency braking force during normal operation, it could increase the risk of a crash."[8] In short, the recalled vehicles were falsely identifying collision risks ahead of the vehicle that did not actually pose imminent risks for an accident.

35.    Toyota recalled several of its models due to a similar problem with its own autonomous braking system (which Toyota calls a "Pre-Collision System" or "PCS").[9] Per a Toyota press release at the time, in the recalled "vehicles, under certain situations, the PCS (Pre-Collision System) could interpret a steel joint or plate in the roadway as an object that triggers PCS activation. If this occurs, the PCS warning buzzer sounds and the system may apply the service brake automatically." Toyota, like Honda, acknowledged in the recall papers that "Unexpected braking could increase the risk of a crash."

36.    Ford too has issued a safety recall due to a false alarms plaguing the autonomous braking system in its trucks.[10] Ford initiated the recall after discovering that "its automatic braking system incorrectly senses that there's another vehicle in its lane," and would then "hit the brakes."[11] Ford said at the time that it was aware of at least one potential collision that resulted.

**Honda's concealment of the defect and its refusal to warn owners and lessees**

37.    Despite its knowledge that the defect in Class Vehicles endangers drivers, passengers, and others on the road, Honda continues to conceal the problem from drivers and potential customers alike. Honda has not warned consumers at the point of sale or lease (nor instructed its dealerships to do so) and has made no effort to alert drivers to the risk. As a result, most drivers are unaware that they are driving

---

[8] https://static.nhtsa.gov/odi/rcl/2015/RCONL-15V301-4918.pdf

[9] https://www.autoblog.com/2015/11/04/toyota-recalls-pre-collision-system-on-avalon-and-es-models/

[10] https://money.cnn.com/2015/09/30/autos/ford-recall-f-150/index.html

[11] *Id.*

1  unsafe vehicles and consumers are deprived of the right to make informed

2  purchasing decisions taking into account the available information about the defect.

3      38.    As Honda knows, the defect is not reasonably discoverable by

4  consumers unless they experience it firsthand and thus are exposed to the attendant

5  safety risks.

6      39.    While vehicles with similar defects have been the subject of voluntary

7  safety recalls—which by law requires notification to owners of lessees of the

8  danger—Honda continues to profit from the sale and lease of defective vehicles to

9  unwitting consumers and continues to decline assistance for Class Vehicles that

10  remain within warranty.

11     40.    Given the severity and the safety risks posed by the defect, Honda either

12  should not have sold or leased Plaintiff and class members their vehicles or it should

13  have prominently disclosed—both in a written disclosure to be acknowledged in

14  writing by Plaintiff and class members and through an oral disclosure to be given by

15  Honda's authorized dealerships—that the vehicles' autonomous braking systems are

16  defective and may malfunction including by abruptly braking when there is

17  otherwise no risk of a collision.

18                      **PLAINTIFF'S EXPERIENCE**

19                      **Matthew Villanueva**

20     41.    Matthew Villanueva purchased a new 2018 Honda Accord in

21  approximately January 2018, from Selma Honda, an authorized Honda dealership

22  located in Selma, California.  Mr. Villanueva's vehicle was equipped with Honda

23  Sensing. Mr. Villanueva researched the vehicle online, including on Honda's

24  website, and also spoke with dealership personnel about the vehicle before making

25  his purchase.

26     42.    About six months after purchase, when the vehicle had about 15,000

27  miles on the odometer, Mr. Villanueva was driving when the Accord suddenly

28  applied the brakes without warning on the freeway with no vehicles or objects

---

19

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**
**CASE NO. 2:19-CV-1390**

directly in front of him, when the vehicle's CMBS activated and suddenly applied the brakes without warning. The Accord has applied the brakes without warning several other times since the initial incident.

43. Had Honda adequately disclosed the defect, Mr. Villanueva would not have purchased his vehicle, or he would have paid substantially less for it. His vehicle remains within the scope of Honda's new vehicle limited warranty.

### CLASS ACTION ALLEGATIONS

44. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of himself and the following proposed classes, within which the term "Class Vehicle" is defined to include the following models: the 2016-2019 Accords and all other Honda vehicles manufactured and sold with the same defective Honda Sensing system (collectively, the "Class Vehicles").

Nationwide Class

*All persons who purchased or leased a Class Vehicle in the United States.*

California Class:

*All persons who purchased or leased a Class Vehicle in California.*

45. Excluded from the proposed classes are Honda; any affiliate, parent, or subsidiary of Honda; any entity in which Honda has a controlling interest; any officer, director, or employee of Honda; any successor or assign of Honda; anyone employed by counsel in this action; any judge to whom this case is assigned, his or her spouse; members of the judge's staff; and anyone who purchased a Class Vehicle for the purpose of resale.

46. The above proposed class definitions suffice because they use objective characteristics; class membership turns on objective criteria including whether someone bought or leased a Class in a particular state. Documents identifying who purchased and leased Class Vehicles, and where, are in Defendants' possession, custody, and control.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. 2:19-CV-1390

47. **Numerosity**. Honda sold many thousands of Class Vehicles, including a substantial number in California. Members of the proposed classes likely number in the thousands and are thus too numerous to practically join in a single action. Class members may be notified of the pendency of this action by mail, supplemented by published notice (if deemed necessary or appropriate by the Court).

48. **Commonality and Predominance**. Common questions of law and fact exist as to all proposed members of the classes and predominate over questions affecting only individual class members. These common questions include:

a. Whether Honda knew or should have known of the defect, and if so, when it discovered this;

b. Whether knowledge of the defect would be important to a reasonable person, because, among other things, it poses an unreasonable safety hazard and impacts the central functionality of Class Vehicles;

c. Whether Honda failed to disclose and concealed the existence of the defect from potential customers;

d. Whether the Court may enter an injunction requiring Honda to notify owners and lessees about the defect;

e. Whether Honda's conduct, as alleged herein, violates the consumer protection laws of California;

f. Whether Honda has breached its implied warranty obligations; and

g. Whether Honda's conduct, as alleged herein, entitles Plaintiff and the proposed classes he represents to restitution.

49. **Typicality**. Plaintiff's claims are typical of the claims of the proposed classes. Plaintiff and the members of the proposed classes all purchased or leased Class Vehicles with the same defect, giving rise to substantially the same claims. As illustrated by class member complaints, some of which have been excerpted above, each vehicle model included in the proposed class definitions has suffered from the same defect that Plaintiff is complaining about.

50. **Adequacy**. Plaintiff is an adequate representative of the proposed classes because his interests do not conflict with the interests of the members of the classes he seeks to represent. Plaintiff has retained counsel who are competent and experienced in complex class action litigation, and who will prosecute this action vigorously on class members' behalf.

51. **Superiority**. A class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Honda economically feasible. Even if class members themselves could afford such individualized litigation, the court system could not. In addition to the burden and expense of managing many actions arising from the defect, individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

52. In the alternative, the proposed classes may be certified because:

    a.    the prosecution of separate actions by the individual members of the proposed classes would create a risk of inconsistent adjudications, which could establish incompatible standards of conduct for Honda;

    b.    the prosecution of individual actions could result in adjudications, which as a practical matter, would be dispositive of the interests of non-party class members or which would substantially impair their ability to protect their interests; and

    c.    Honda has acted or refused to act on grounds generally applicable to the proposed classes, thereby making appropriate final and

injunctive relief with respect to the members of the proposed classes as a whole.

## TOLLING OF STATUTES OF LIMITATIONS

53. **Discovery Rule**. Plaintiff's and class members' claims accrued upon discovery that their Class Vehicles were sold and leased with a known defect. While Honda knew about, and concealed, the defect, Plaintiff and class members could not and did not discover this fact through reasonable diligent investigation until after they experienced it and learned that the problem was not isolated to their vehicle.

54. **Active Concealment Tolling**. Any statutes of limitations are tolled by Honda's knowing and active concealment of the fact that Class Vehicles suffer from an inherent defect. Honda kept Plaintiff and all class members ignorant of vital information essential to the pursuit of their claim, without any fault or lack of diligence on the part of Plaintiff. The details of Honda's efforts to conceal its above-described unlawful conduct are in its possession, custody, and control, to the exclusion of Plaintiff and class members, and await discovery. Plaintiff could not reasonably have discovered the defect on their own.

55. **Estoppel**. Honda was and is under a continuous duty to disclose to Plaintiff and all class members the true character, quality, and nature of the Class Vehicles. At all relevant times, and continuing to this day, Honda knowingly, affirmatively, and actively concealed the true character, quality, and nature of the Class Vehicles. The details of Honda's efforts to conceal its above-described unlawful conduct are in its possession, custody, and control, to the exclusion of Plaintiff and class members, and await discovery. Plaintiff reasonably relied upon Honda's active concealment. Based on the foregoing, Honda is estopped from relying upon any statutes of limitation in defense of this action.

56. **Equitable Tolling**. Honda took active steps to conceal the fact that it wrongfully, improperly, illegally, and repeatedly manufactured, marketed, distributed, sold, and leased Class Vehicles with a known defect. The details of

Honda's efforts to conceal its above-described unlawful conduct are in its possession, custody, and control, to the exclusion of Plaintiff and class members, and await discovery. When Plaintiff learned about this material information, they exercised due diligence by thoroughly investigating the situation, retaining counsel, and pursuing their claims. Honda fraudulently concealed its above-described wrongful acts. Should such tolling be necessary, therefore, all applicable statutes of limitation are tolled under the doctrine of equitable tolling.

## FIRST CAUSE OF ACTION

### Unlawful, Unfair, and Fraudulent Business Practices, Cal. Bus. & Prof. Code § 17200, *et seq.*

### (Plaintiff Villanueva on behalf of the proposed California Class)

57. Plaintiff Villanueva re-alleges the paragraphs above as if fully set forth herein.

58. Honda has violated and continues to violate California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, which prohibits unlawful, unfair, and fraudulent business acts or practices.

59. Honda's acts and practices, as alleged in this complaint, constitute unlawful, unfair, and fraudulent business practices, in violation of the Unfair Competition Law. In particular, Honda sold vehicles to class members despite knowing of a safety defect in the vehicles, failing to disclose its knowledge of the defect and its attendant risks at the point of sale or otherwise.

60. Honda's business acts and practices are unlawful in that they violate the Consumers Legal Remedies Act, Cal. Civil Code § 1750, *et seq.*, and the Song-Beverly Consumer Warranty Act for Breach of Implied Warranty, Cal. Civ. Code § 1790, *et seq.*, for the reasons set forth below

61. Honda's acts and practices also constitute fraudulent practices in that they are likely to deceive a reasonable consumer. As described above, Honda knowingly conceals and fails to disclose at the point of sale and otherwise that Class

Vehicles have a defect, endangering the personal safety of drivers and passengers and detracting from the central functionality of the vehicles. As Honda knew, had it disclosed this fact, Plaintiff, class members, and reasonable consumers would not have purchased Class Vehicles or would have paid significantly less for them, and Honda thus concealed the defect with the intent to profit from its nondisclosure. Furthermore, Honda claims to be unable or unwilling to adequately repair the vehicles so as to eliminate the defect.

62.     Honda's conduct also constitutes unfair business practices for at least the following reasons:

a.     The gravity of harm to Plaintiff and the proposed California Class from Honda's acts and practices far outweighs any legitimate utility of that conduct;

b.     Honda's conduct is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff and the members of the proposed California Class; and

c.     Honda's conduct undermines or violates the stated policies underlying the Consumers Legal Remedies Act and the Song-Beverly Consumer Warranty Act—to protect consumers against unfair and sharp business practices and to promote a basic level of honesty and reliability in the marketplace.

63.     As a direct and proximate result of Honda's business practices, Plaintiff and proposed class members suffered injury in fact and lost money or property, because they purchased and paid for vehicles that they otherwise would not have, or in the alternative, would have paid less for.

64.     Plaintiff and the proposed California Class are entitled to equitable relief, including an order directing Honda to disclose the existence of the defect to drivers and consumers and to provide restitution and disgorgement of all profits paid

to Honda as a result of its unfair, deceptive, and fraudulent practices, reasonable attorneys' fees and costs, and a permanent injunction enjoining such practices.

## SECOND CAUSE OF ACTION

### Violation of the Consumers Legal Remedies Act,
### Cal. Civ. Code § 1750, *et seq.*

### (Plaintiff Villanueva on behalf of the proposed California Class)

65.    Plaintiff Villanueva re-alleges the paragraphs above as if fully set forth herein.

66.    Honda is a "person" within the meaning of Civil Code §§ 1761(c) and 1770, and has provided "goods" within the meaning of Civil Code §§ 1761(b) and 1770.

67.    Plaintiff and members of the proposed California Class are "consumers" within the meaning of Civil Code §§ 1761(d) and 1770, and have engaged in a "transaction" within the meaning of Civil Code §§ 1761(e) and 1770.

68.    Honda's acts and practices, which were intended to result and which did result in the sale of defective Class Vehicles, violate § 1770 of the Consumers Legal Remedies Act for at least the following reasons:

a.    Honda represents that its vehicles had characteristics, uses, or benefits which they do not have;

b.    Honda advertises its goods with intent not to sell them as advertised;

c.    Honda represents that its vehicles are of a particular standard, quality, or grade when they are not;

d.    Honda represents that a transaction conferred or involved rights, remedies, or obligations which they do not; and

e.    Honda represents that its goods have been supplied in accordance with a previous representation when they have not.

69.    As described above, Honda sold and leased vehicles to class members with a known defect that endangers drivers and materially detracts from the central

functionality of the vehicles. Honda failed to disclose its knowledge of the defect and its attendant risks at the point of sale or otherwise, realizing that warning about the defect would dissuade class members from purchasing and leading the vehicles. Furthermore, Honda claims to be unable or unwilling to adequately repair the vehicles so as to eliminate the defect.

70.    Had Honda not concealed and instead adequately disclosed the defect, Plaintiff, members of the proposed class, and reasonable consumers would not have purchased or would have paid less for their vehicles.

71.    Pursuant to the provisions of Cal. Civ. Code § 1782(a), Plaintiff has or will soon send a notice letter to Honda to provide it with the opportunity to correct its business practices, and then will amend this complaint to add a demand for damages should Honda decline to reform its conduct in response to the demand and this complaint.

72.    Pursuant to California Civil Code § 1780, Plaintiff seeks an order enjoining Honda from the unlawful practices described above and a declaration that Honda's conduct violates the Consumers Legal Remedies Act, as well as actual and punitive damages and attorneys' fees and costs.

### THIRD CAUSE OF ACTION

**Violation of Song-Beverly Consumer Warranty Act**

**for Breach of Implied Warranty, Cal. Civ. Code § 1790,** *et seq.*

**(Plaintiff Villanueva on behalf of the proposed California Class)**

73.    Plaintiff Villanueva re-alleges the paragraphs above as if fully set forth herein.

74.    Class Vehicles are "consumer goods" and Plaintiff and the proposed California Class are "buyers" within the meaning of Cal. Civ. Code § 1791. Honda is also a "manufacturer," "distributor," or "retail seller" under Cal. Civ. Code § 1791.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. 2:19-CV-1390

75.    The implied warranty of merchantability included with the sale of each Class Vehicle means that Honda warranted that each Class Vehicle (a) would pass without objection in trade under the contract description; (b) was fit for the ordinary purposes for which the Class Vehicle would be used; and (c) conformed to the promises or affirmations of fact made on the container or label.

76.    The Class Vehicles would not pass without objection in the automotive trade because they contain the above-described defect, which also makes them unfit for the ordinary purpose for which a Class Vehicle would be used.

77.    The Class Vehicles are not adequately labeled because their labeling fails to disclose the defect and does not advise the members of the proposed California Class of the existence of the danger prior to experiencing failure firsthand.

78.    Honda's actions have deprived Plaintiff and the members of the proposed California Class of the benefit of their bargains and have caused Class Vehicles to be worth less than what Plaintiff and other members of the proposed California Class paid.

79.    As a direct and proximate result of Honda's breach of implied warranty, members of the proposed California Class received goods whose condition substantially impairs their value. Plaintiff and members of the proposed California Class have been damaged by the diminished value of their Class Vehicles.

80.    Under Cal. Civ. Code §§ 1791.1(d) and 1794, Plaintiff and members of the proposed California Class are entitled to damages and other legal and equitable relief, including, at their election, the right to revoke acceptance of Class Vehicles or the overpayment or diminution in value of their Class Vehicles. They are also entitled to all incidental and consequential damages resulting from Honda's breach, as well as reasonable attorneys' fees and costs.

1

### FOURTH CAUSE OF ACTION

2

### Unjust Enrichment

3

### (on behalf of the proposed Nationwide Class)

4      81.    Plaintiff re-alleges the paragraphs above as if fully set forth herein.

5      82.    As described above, Honda sold vehicles to class members even though

6    the vehicles are defective and pose a safety hazard, and failed to disclose its

7    knowledge of the defect and its attendant risks at the point of sale or otherwise.

8    Furthermore, Honda claims to be unable or unwilling to adequately repair the

9    vehicles so as to eliminate the defect.

10      83.    As a result of its fraudulent acts and omissions related to the defect,

11    Honda obtained monies which rightfully belong to Plaintiff and proposed class

12    members to the detriment of Plaintiff and the class.

13      84.    Honda appreciated, accepted, and retained the non-gratuitous benefits

14    conferred by Plaintiff and the proposed class members, who, without knowledge of

15    the defect, paid a higher price for their vehicles than those vehicles were worth.

16      85.    It would be inequitable and unjust for Honda to retain these wrongfully

17    obtained profits.

18      86.    Honda's retention of these wrongfully-obtained profits would violate the

19    fundamental principles of justice, equity, and good conscience.

20      87.    Each Plaintiff and the proposed Class he represents is entitled under the

21    laws of their respective states to restitution of the profits Honda unjustly obtained,

22    plus interest.

23

### PRAYER FOR RELIEF

24      WHEREFORE, Plaintiff requests that the Court enter a judgment awarding

25    the following relief:

26      a.    An order certifying the proposed Nationwide and California classes, and

27          appointing Plaintiff's counsel to represent the classes;

28

---

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. 2:19-CV-1390

b.   An order awarding Plaintiff and class members their actual damages, punitive damages, and/or any other form of monetary relief provided by law;

c.   An order awarding Plaintiff and the classes restitution, disgorgement, or other equitable relief as the Court deems proper;

d.   An order requiring Honda to adequately disclose and repair the defect;

e.   An order awarding Plaintiff and the classes pre-judgment and post-judgment interest as allowed under the law;

f.   An order awarding Plaintiff and the classes reasonable attorneys' fees and costs of suit, including expert witness fees; and

g.   An order awarding such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury for all issues so triable under the law.

DATED: February 25, 2019                 Respectfully submitted,

**GIBBS LAW GROUP LLP**

By:   */s/ David Stein*

Eric H. Gibbs (SBN 178659)
David Stein (SBN 257465)
Steven Lopez (SBN 300540)
505 14th Street, Suite 1110
Oakland, California 94612
Telephone:  (510) 350-9700
Facsimile:   (510) 350-9701
ehg@classlawgroup.com
ds@classlawgroup.com
sal@classlawgroup.com

*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. 2:19-CV-1390